IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MODULAR SPACE CORPORATION f/k/a RESUN LEASING, INC., a Delaware corporation,**<br><br>　　　　　　**Plaintiff**,<br><br>　　v.<br><br>**SIERRA KINGS HEALTH CARE DISTRICT, a California local public entity,**<br><br>　　　　　　**Defendant**. | 1:07-cv-1199  AWI GSA<br><br>**ORDER CLOSING THE CASE IN LIGHT OF NOTICE OF SETTLEMENT** |

　　　On August 22, 2008, the parties filed a notice of settlement and a proposed order thereon. See Court's Docket Doc. Nos. 33, 34.  The notice states that the parties have agreed to a settlement and have agreed to dismiss the case with prejudice once all obligations contained within the settlement have been satisfied.  See id.  The parties then request the Court to stay the proceedings until the obligations of the settlement agreement have been satisfied.  See id.  The Court has a heavy docket and it is not inclined to stay this case.  Further, repudiation of a settlement agreement may form the basis for reopening a case under Rule 60(b)(6), Keeling v. Sheet Metal Workers Int'l Assn., 937 F.2d 408, 410 (9th Cir. 1991), and, under Rule 41(a)(2), the Court may retain jurisdiction to enforce a settlement agreement. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 381 (1994).

　　　It is unknown why the parties want a stay instead of dismissal.  The Court will not grant the stay at this time, but instead will order the parties to show cause why this case should not be

dismissed pursuant to Rule 41(a)(2), with the Court to retain jurisdiction to enforce a settlement agreement.

Accordingly, IT IS HEREBY ORDERED that, within five (5) days, the parties are to show cause in writing why the Court should not dismiss this case pursuant to Rule 41(a)(2) subject to a retention of jurisdiction to enforce settlement.

IT IS SO ORDERED.

**Dated:**   **August 27, 2008**              /s/ Anthony W. Ishii
                                                                 CHIEF UNITED STATES DISTRICT JUDGE

2